## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| MARLO RENEE FIELDS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-0580-MU |
| HL-A CO., INC., | : | |
| Defendant. | | |

### MEMORANDUM OPINION AND ORDER

This action is before the Court on HL-A Co., Inc.'s motion to dismiss Plaintiff's amended complaint[1] with prejudice for failure to prosecute and/or participate in discovery (Doc. 30).[2] The Court held a show cause hearing on October 20, 2021. (*See* Doc. 32). Upon consideration of the entire record in this case, inclusive of the Defendant's motion (Doc. 30), the response of Plaintiff's counsel (Doc. 33), and the comments of counsel at the show cause hearing, the Court concludes that Defendant's motion (Doc. 30) is due to be **GRANTED** and this action is hereby **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to prosecute her action (she failed to

---

[1] As this Court previously recognized (*see* Doc. 31, PageID. 189), with the assistance of counsel, Plaintiff amended her complaint on March 18, 2021 (*see* Doc. 22). And because the amended complaint superseded Plaintiff's initial complaint (*see* Doc. 1), which she filed *pro se* (*see id.*), the amended complaint (Doc. 22) is the operative pleading in this case. (Doc. 31, PageID. 189).

[2] On February 17, 2021, the parties consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 15 & 17 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")).

appear for her duly noticed deposition) and follow court orders, *see* Fed.R.Civ.P. 37(b)(2)(A)(v), because no other sanction will suffice.[3]

## **FACTUAL BACKGROUND**

This sexual harassment and retaliation action appeared to be sailing smoothly through discovery to the discovery completion date of October 1, 2021 (*see* Doc. 25, PageID. 98) but hit troubled waters beginning in May of 2021[4] and extending through mid-July 2021, when the parties (and their respective attorneys) could not agree on the manner in which Plaintiff's deposition should be taken (*see* Doc. 27). Briefly, Plaintiff and her attorney staked the position that her deposition should be taken virtually whereas the Defendant and its attorneys insisted that Plaintiff's deposition be an in-person deposition in Selma (near Plaintiff's home) with a number of COVID protective health measures in place.[5] (*Compare* Doc. 30-3, Page ID. 142-44 *with* Doc. 30-4, PageID. 146-49). On July 22, 2021, the Court conducted an informal mediation of the

---

[3] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 15 & 17 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

[4] In mid-May, counsel for Defendant began requesting deposition dates for Plaintiff's deposition and these requests continued throughout June and into July of 2021. (*Compare* Doc. 30-4, PageID. 146 *with* Doc. 30-1, PageID. 131-33 & Doc. 30-2, PageID. 135-40).

[5] Those protective health measures included the following: (1) Plaintiff's deposition would be held in Selma so she did not have to travel; (2) Attendance would be limited to one attorney for Defendant and one client representative, both of whom were vaccinated and would agree to wear face masks; (3) Defendant would ensure that the court reporter was vaccinated and would agree to wear a face mask during the deposition; and (4) Plaintiff's deposition would be conducted in a location which would allow for social distancing or, alternatively, would be held outdoors or indoors with a plexiglass partition between Ms. Fields and all other participants. (*See* Doc. 30-4, PageID. 147-48).

parties' deposition dispute via telephone and ruled that "Plaintiff must sit for her in-person deposition in Selma on an agreed upon date and with the protective/health measures Defense counsel proposed." (Doc. 27). In other words, this Court compelled Plaintiff to sit for an in-person deposition. (*Id.*).

On July 23, 2021, defense counsel noticed Plaintiff's deposition for August 26, 2021 (*compare* Doc. 28, PageID. 120 *with* Doc. 30-5, PageID. 160), a date agreed upon by counsel for the parties (Doc. 30-9, PageID. 178). The day before Fields' deposition was to be taken, Plaintiff's counsel advised counsel for Defendant that he had received an email from his client advising that she was "in quarantine and unable to attend the deposition[.]" (Doc. 30-6, PageID. 163). Counsel for the parties exchanged several emails on August 25-26, 2021 (Doc. 30-9, PageID. 178-79; *see also id.,* PageID. 180 (Plaintiff's counsel stated on the record that he advised defense counsel during these communications that he could make himself available on September 14, 2021 for his client's deposition)), after which counsel for Defendant, on August 30, 2021, re-noticed Plaintiff's deposition for September 14, 2021 (*compare* Doc. 29, PageID. 122 *with* Doc. 30-7, PageID. 165-66). Plaintiff's counsel forwarded the notice of deposition to Ms. Fields. (Doc. 30-9, PageID. 181). When, on September 13, 2021, Plaintiff's counsel advised counsel for Defendant that he had received no communication (via email or the phone) from Ms. Fields (since being advised she was in quarantine) and, therefore, did not know whether she would attend her deposition the following day (*see* Doc. 30-8, PageID. 168), defense counsel responded that the Defendant would proceed with the noticed deposition of Plaintiff given the Defendant's "extensive efforts to take Ms. Fields' deposition and the fact that the discovery cutoff is October 1, 2021[.]" (*Id.*).

3

Plaintiff did not appear for her deposition in Selma on September 14, 2021. (*See* Doc. 30-9, PageID. 174-75 ("[T]he deposition notice as set out in Exhibit 1 set the time of this deposition for ten o'clock Central. It is now, as we sit here, 10:37, and Ms. Fields has not appeared.")). Defense counsel placed on the record the Defendant's efforts to depose Ms. Fields (*see id.,* PageID. 175-79) and thereafter indicated that the Defendant would be seeking to "dismiss her case for failure to prosecute it and failure to participate in discovery[.]" (*Id.,* PageID. 179). Plaintiff's counsel, who was participating by telephone (Doc. 30-9, PageID. 175), stated on the record that the last communication he received from Ms. Fields was by email on August 24, 2021 (*id.,* PageID. 180), but since that date had received no further communications from his client (either by telephone or email), though before then she had been responsive to his communications by telephone or email (*see id.,* PageID. 180-81).

On September 15, 2021, HL-A Co., Inc. filed its motion to dismiss Plaintiff's amended complaint with prejudice for failure to prosecute and/or participate in discovery. (Doc. 30). The Court entered a briefing schedule the following day, specifically extending to Plaintiff the opportunity to file a response in opposition not later than September 29, 2021. (Doc. 31, PageID. 189). After receiving no response from Plaintiff by September 29, 2021, a show cause hearing was set down for October 20, 2021. (Doc. 32). Both Plaintiff and her attorney were ordered to appear for hearing and "**SHOW CAUSE** why the present action should not be dismissed with prejudice due to Plaintiff's failure to prosecute it by attending her duly noticed deposition on September 14, 2021 and by failing to respond to the Court's submission order entered on September 16, 2021." (*Id.,* PageID. 190). Less than thirty (30) minutes after the show

cause order was entered, Plaintiff's counsel filed his own response to the motion to dismiss. (Doc. 34, PageID. 196; *compare id. with* Doc. 33 (plaintiff's counsel's response to motion to dismiss)). Therein, Plaintiff's counsel requested that the Court dismiss Plaintiff's action without prejudice to her ability to reopen the matter upon a showing of good cause [admitting that Plaintiff failed to prosecute this action by not appearing for her deposition]; that the Order to Show Cause be discharged; and that this case be administratively closed. (*See id,* PageID. 194). By Order dated and entered on October 5, 2021, the Court declined to discharge the show cause and declined to administratively close the action. (Doc. 34, PageID. 197). Moreover, the Court emphasized the need for a show cause hearing, stating that "if Plaintiff cannot find it within herself to appear in this Court on October 20, 2021,[6] it will be clear to all concerned that she has abandoned this action and that it is due to be dismissed with prejudice." (*Id.*) (footnote added). The Court reiterated that "any failure on the part of Marlo Renee Fields to appear before this Court on October 20, 2021 will result in the present action being **DISMISSED WITH PREJUDICE** due to her failure to prosecute her case by attending her duly noticed deposition on September 14, 2021 and by ignoring this Court's submission order (by not filing a timely response), the show cause order entered on October 1, 2021 (Doc. 32), and this Order." (*Id.*).

Plaintiff did not appear for the show cause hearing on October 20, 2021. (*See* Doc. 36). Her attorney appeared by telephone, stating for the record that his response "speaks for itself" and further delineating the efforts he took (both by phone and by

---

[6] Plaintiff's counsel was granted leave to participate by telephone. (*Id.*).

email) on and after October 1, 2021, to advise Plaintiff of the need to appear for the show cause hearing.

## **CONCLUSIONS OF LAW**

The Defendant has moved to dismiss Plaintiff's action with prejudice under Rule 37. (*See* Doc. 30). Rule 37(d)(1) authorizes a district court to impose sanctions against a party who "fails, after being served with proper notice, to appear for that person's deposition[.]" Fed.R.Civ.P. 37(d)(1)(A)(i); *see also Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993) (recognizing that a district court has broad discretion to control discovery and that "[t]his power includes the ability to impose sanctions on uncooperative litigants."). Permissible sanctions include dismissal. Fed.R.Civ.P. 37(b)(2)(A)(v); *compare id. with* Fed.R.Civ.P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam) (citation omitted).

In addition, a Plaintiff's disregard of a court order warrants a dismissal of her action under Federal Rule of Civil Procedure 41(b), which specifically authorizes a district court to dismiss an action for failure to comply with a court order or the federal rules. Fed.R.Civ.P. 41(b); *Gratton, supra,* 178 F.3d at 1374-75; *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). Finally, a district court retains the inherent power to police its docket and to enforce its orders. *See Link v. Wabash*

*Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the inherent power to *sua sponte* dismiss a cause of action for failure to prosecute); *see also Mingo v. Sugar Cane Growers Co-op. of Florida,* 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket. . . . Incident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

The Eleventh Circuit has made clear, however, that a dismissal with prejudice is an extreme sanction that may be properly imposed only when: "'(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted); *see Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.) ("Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal."), *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993). While "the severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders[,]" *id.* (citation omitted)*,* a district court is not required to first impose lesser sanctions if the lesser sanction would be ineffective, *id.* at 1544.

In this case, Plaintiff failed to appear for her deposition on September 14, 2021, after being served with proper notice. Ms. Fields' failure to appear for her deposition followed on the heels of the Defendant's last-minute cancellation of Plaintiff's previously scheduled and agreed upon deposition on August 26, 2021, based on Plaintiff's

7

representation to her attorney that she was in quarantine. Up to and including August 24, 2021, Plaintiff's attorney was able to communicate with his client by phone or email but after the last-minute cancellation of the deposition in late August, Plaintiff's counsel lost all communication with Ms. Fields. And after neither Plaintiff nor her attorney filed a timely response in opposition to the Defendant's motion to dismiss, this matter was set down for a show cause hearing. That Order (and the follow-up Order declining to cancel the show cause hearing) were sent directly to Ms. Fields (*see* Docket Sheet),[7] with both Orders requiring her to appear and show cause, on October 20, 2021, why her action should not be dismissed with prejudice as a sanction for failing to prosecute it by attending her duly noticed deposition on September 14, 2021 and by failing to timely respond to the Court's submission order entered on September 16, 2021. (*Compare* Doc. 32, PageID. 190 *with* Doc. 34, PageID. 197). Tellingly and most troubling to this Court, Ms. Fields did not appear for the show cause hearing on October 20, 2021. This failure on Ms. Fields' part signals to the undersigned that she has abandoned this litigation.

In light of the foregoing, the Court does not hesitate in **GRANTING** the Defendant's motion to dismiss Plaintiff's amended complaint with prejudice for failure to prosecute and/or participate in discovery (Doc. 30) and **DISMISSING** Plaintiff's action **with prejudice**, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v), as no lesser sanction short of

---

[7] A check of Tracking Number 9214890194038352429087 reflects that an envelope containing these orders was delivered and left with an individual at Plaintiff's address in Selma, Alabama on October 7, 2021. In addition, the Order dated October 1, 2021, instructed Mr. Mazaheri to contact Ms. Fields and inform her of her need to appear before the Court on October 20, 2021. (*See* Doc. 32, PageID. 191). During the show cause hearing, Mr. Mazaheri confirmed that he emailed Ms. Fields on October 1, 2021 and, as well, made two subsequent phone calls to her regarding the need for her to appear in court on October 20, 2021.

dismissal would be appropriate given Plaintiff's clear pattern of willful refusal to attend her deposition and comply with this Court's orders, including her willful failure to appear at the show cause hearing.[8]

## CONCLUSION

It is **ORDERED** that Defendant's motion to dismiss (Doc. 30) be **GRANTED** and this action is hereby **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to prosecute her action and obey court orders, *see* Fed.R.Civ.P. 37(b)(2)(A)(v), since no other sanction will suffice.

**DONE** and **ORDERED** this the 21st day of October, 2021.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Ms. Fields' violation of her discovery obligation to attend her deposition, ignoring the clear terms of Court orders, and losing all contact with her attorney demonstrate that such disobedience is likely to continue. Moreover, monetary sanctions would be illusory for a Plaintiff sitting in Selma, Alabama with no demonstrated means to afford such sanctions and no likely impetus to pay them even if she could afford to pay. Nor, under the circumstances, is it fair to believe that excluding evidence or striking claims would cause Ms. Fields to comply with orders of the court that are only going to become more (not less) onerous. And staying further proceedings in this case until the orders are obeyed will only reward Plaintiff's defiance of her obligations while at the same time prejudicing the Defendant's ability to timely litigate this matter to conclusion. Thus, no lesser sanction than dismissal will suffice.